Date signed January 17, 2012



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| THOMAS ALAN RIEGER | : | Case No. 11-24178PM |
| ADELINE BALESTRA RIEGER | : | Chapter 7 |
| | : | |
| Debtors | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| FIA CARD SERVICES, N.A. | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 11-0741PM |
| | : | |
| THOMAS ALAN RIEGER | : | |
| Defendant | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

This adversary proceeding came before the court on January 4, 2012, on two motions, Defendant's Motion for Sanctions and his Motion to Compel the attendance of the Plaintiff at a deposition. Plaintiff's Complaint seeks a ruling of the court that $2,128.01, plus accrued interest, be declared non-dischargeable under § 523(a)(2)(A) of the Bankruptcy Code that provides:

> **11 U.S.C. § 523. Exceptions to discharge**
> (a) A discharge under section 727, 1141, 1228(a) 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
>   *   *   *   *   *
>  (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by--
>   (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insiders

financial condition.

Defendant scheduled a deposition, and Plaintiff's representative did not appear. In opposing the Motions, Plaintiff argues that the deposition concerns matters solely within the knowledge of the Defendant and that the discovery request is designed exclusively to harass the Plaintiff and force the Plaintiff to incur unnecessary costs and expenses in an effort to dissuade the Plaintiff from filing adversary proceedings under § 523. It further contends that the notice of deposition was not filed in good faith. Plaintiff argues that it is the Defendant's burden to show that the charges were believed to be reasonably necessary for maintenance and support. Plaintiff's response to the Motions goes on to state that it justifiably relied upon Defendant's representations of repayment, that it was induced to lend money to him by these representations, that there was a material misrepresentation of Defendant's intention to repay the debt, and that there was a specific intent to deceive the Plaintiff.

As to the Defendant's Motion to Compel, the court finds that the Defendant has an absolute right to seek discovery as to the allegations of the Complaint. In this adversary proceeding, the burden of proof is clearly upon the Plaintiff. The court will require the Plaintiff to pay Defendant's costs and expenses in preparing and arguing these Motions that the court allows in the sum of $975.00.

The other Motion before the court is Defendant's Motion for Sanctions filed pursuant to Bankruptcy Rule 9011(c). In this Motion it is urged that the filing of this adversary proceeding was part of a plan to bully impoverished Debtors by filing complaints with the hope and expectation that they will either default or settle because of the inability to defend the case and that such action is in bad faith and should not be tolerated by the court. Inasmuch as Plaintiff could prevail in whole or part in this adversary proceeding , the court finds that resolution of this Motion is premature. These allegations sound in the nature of a pseudo class action that the court declines to entertain. If after trial Debtor prevails, he could seek relief under § 523(d) of the Bankruptcy Code that provides:

**11 U.S.C. § 523(d)**

> (d) If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

   Counsel for the Defendant shall submit an appropriate order in accordance with the foregoing.

cc:
Jeffrey M. Orenstein, Esq., 15245 Shady Grove Road, Suite 465, Rockville, MD 20850
Lawrence G. Reinhold, Esq., 525 Rocky Hollow Drive, Akron, OH 44313
Thomas A. Rieger, 7319 Parkview Drive, Frederick, MD 21702

**End of Memorandum**